

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § § | Criminal No. **3:12-CR-317-L,** **3:12-CR-413-L, and 3:13-CR-30-L** |
| BARRETT LANCASTER BROWN | § | |

## AGREED ORDER RE: EXTRAJUDICIAL STATEMENTS

For good cause shown, the court hereby finds that:

1. This case has generated extensive local publicity in both the print and broadcast media, as well as the social media. This pervasive publicity can be expected to continue during the pendency of these criminal actions.

2. There is a substantial likelihood that certain forms of publicity, that is, extrajudicial statements by Counsel and Defendant to members of the press and media, could impair the rights of Defendant, the Government, and the public to a fair trial by an impartial jury.

3. To protect that right to a fair trial, it is necessary for the court to take limited steps to restrain Counsel and Defendant from making prejudicial statements to the press and media.

4. The limited protective order to be made herein is expected to ensure a fair trial, and measures less restrictive than this order would not be expected to achieve that result.

Accordingly, it is hereby **ordered** that:

1. This order is binding on Defendant and all attorneys for the Government and the defense, and on all employees, representatives, or agents of such attorneys. It shall remain in force during the pendency of these actions or until further order of this court.

**Agreed Order – Page 1**

2. No person covered by this order shall make any statement to members of any television, radio, newspaper, magazine, internet (including, but not limited to, bloggers), or other media organization about this case, other than matters of public record, that could interfere with a fair trial or otherwise prejudice Defendant, the Government, or the administration of justice, except that counsel for the Defendant may consult with Mr. Kevin Gallagher regarding the finances needed for Mr. Barrett Brown's defense.

3. Counsel are reminded of their ethical duties and obligations as set forth in the Texas Disciplinary Rules of Professional Conduct, Rule 3.07, Trial Publicity. Counsel who are not members of the State Bar of Texas are on notice that they will be held to the same standards as set forth in this Rule.

4. Parties may mention, without elaboration or any kind of characterization, information contained in the public record; scheduling information; and any decision or order by the court that is a matter of public record.

5. No person covered by this order shall avoid or circumvent its effect by actions that indirectly, but deliberately, bring about a violation of this order.

6. If any person believes that events have occurred that should result in a modification of this order, such person may seek relief from the court.

7. This order does not prohibit Mr. Brown from making statements or otherwise publishing to the press or media topics not related to the counts on which he stands indicted in these three cases. Mr. Brown is cautioned to consult with counsel prior to making any statements to the media or publishing materials to avoid violating this order.

**Agreed Order – Page 2**

8. The prohibition on making extrajudicial statements applies to the reposting or republication of any statements made prior to the entry of this order that would now constitute a violation of this order.

A copy of this order shall be served on Defendant and all counsel for the Government and Defendant immediately upon its entry.

**It is so ordered** this 4th day of September, 2013.

Sam A. Lindsay
United States District Judge

**Agreed as to Form and Content:**

Charles Swift
Attorney for Barrett Lancaster Brown

Candina S. Heath
Assistant United States Attorney
Attorney for United States of America