IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION
_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | **FILED UNDER SEAL** |
| | § | No.   3:13-CR-030-L |
| v. | § | |
| | § | |
| BARRETT LANCASTER BROWN | § | |

GOVERNMENT'S OPPOSITION TO
BROWN'S MOTION TO DISMISS THE INDICTMENT

1. The United States Attorney for the Northern District of Texas, by and through the undersigned Assistant United States Attorney, files this opposition to Brown's Motion to Dismiss the Indictment.

BROWN'S CLAIMS SUMMARIZED

2. Brown sets out four points in support of his motion to dismiss.   First he claims that Counts One and Two fail to state an offense.   Second he claims that Count One fails to allege a corrupt mens rea, or that the statute is unconstitutionally vague and overbroad.   Third he claims that 18 U.S.C. § 1512(c)(2) (Count Two) is inapplicable to Brown's conduct.   Brown's fourth claim is that Counts One and Two are multiplicitous.

THE GOVERNMENT'S RESPONSES SUMMARIZED

3. Each count in the Indictment unambiguously alleged the elements of the offense, provided notice to Brown of the charges against him, and provided Brown a double

Government's Opposition to Motion to Dismiss - Page 1

jeopardy defense against future prosecutions. The statutes were not unconstitutionally vague.

4. Again, 18 U.S.C. § 1519 is not unconstitutionally vague, and the Indictment adequately alleged the elements of the offense including the statutorily prescribed mens rea.

5. The plain wording of 18 U.S.C. § 1512(c)(2) (Count Two) and the definitions in 18 U.S.C. § 1515 are appropriate to charge Brown's conduct.

6. Due to the different elements and the proof needed to satisfy those elements, Count One and Count Two are not multiplicitous.

PROCEDURAL BACKGROUND

7. In or about September 2012, the United States Magistrate Judge Paul D. Stickney issued a Criminal Complaint for the arrest of Barrett Brown. On the same evening, the Federal Bureau of Investigation arrested Brown pursuant to an arrest warrant issued on the complaint. On three different dates, a Federal grand jury returned true bills of Indictment charging Brown with criminal offenses. The first Indictment dealt with Brown's threat to harm FBI Special Agent RS. The second Indictment dealt with the data Brown possessed from the intrusion or hack of the Strategic Forecasting Inc.'s computer network. The third Indictment dealt with Brown and KM hiding two laptops during the execution of a Search Warrant in March 2012.[1]

---

1 Brown notes that the third Indictment was returned almost one year after the conduct charged; however, as Brown well knows, the charges in the third Indictment could have been joined with the first or the second Indictments, but were delayed at KM's attorneys' requests, so that KM could negotiate a

Government's Opposition to Motion to Dismiss - Page 2

8. Count One of the third Indictment charged Brown with violations of 18 U.S.C. §§ 1519 and 2. Section 1519 provided that

> [w]hoever <u>knowingly</u> alters, destroys, mutilates, <u>conceals</u>, covers up, falsifies, or makes a false entry in any record, document, or <u>tangible object</u> <u>with the intent to impede, obstruct, or influence the investigation or proper</u> <u>administration of any matter within the jurisdiction of any department or</u> <u>agency of the United States</u> or any case filed under title 11, or <u>in relation to or</u> <u>contemplation of any such matter</u> or case, shall be fined under this title, imprisoned not more than 20 years, or both. (Underlined for comparison)

9. Count One of the third Indictment tracked the statutory language and stated as follows:

> On or about March 6, 2012, in the Dallas Division of the Northern District of Texas, the defendant Barrett Lancaster Brown, aided and abetted by KM, did <u>knowingly</u> <u>conceal</u> <u>tangible objects</u>, namely two laptop computers containing records, documents, and digital data, <u>with the intent to impede,</u> <u>obstruct, and influence the investigation and proper administration of any</u> <u>matter within the jurisdiction of any department and agency of the United</u> <u>States</u>, and <u>in relation to and in contemplation of any such matter</u>, in that Barrett Lancaster Brown and KM concealed two laptop computers in KM's residence in the Northern District of Texas prior to the execution of a search warrant at KM's residence, said search warrant having been issued by a United States Magistrate Judge in the Dallas Division of the Northern District of Texas, and the execution of the search warrant was in relation to an investigation conducted by the Dallas Division of the Federal Bureau of Investigation, an agency of the United States Department of Justice. (Underlined for comparison)

10. The essential elements of 18 U.S.C. § 1519 are as follows:

> FIRST: that the defendant altered, destroyed, mutilated, concealed, covered up, falsified, or made a false entry in any record, document, or tangible object;
>
> SECOND: that the defendant did so with intent to impede, obstruct, or influence the investigation or proper administration of any matter within the

---

pre-indictment plea of guilty.

                jurisdiction of any department or agency of the United States, or any case filed under federal criminal laws, or in relation to or contemplation of any federal criminal case; and

      THIRD:      that the defendant did so knowingly

11. Count Two of the third Indictment charged Brown with violations of 18 U.S.C. §§ 1512(c)(1) and 2. Section 1512(c)(1) provided that

> [w]hoever <u>corruptly conceals a record, document, or other object, or attempts to do so</u>, <u>with the intent to impair the object's integrity or availability</u> <u>for use in an official proceeding</u>, shall be imprisoned for not more than 20 years. (Underlined for comparison)

12. Count Two of the third Indictment tracked the statutory language and stated as follows:

> On or about March 6, 2012, in the Dallas Division of the Northern District of Texas and elsewhere, the defendant Barrett Lancaster Brown aided and abetted by KM, did knowingly and <u>corruptly conceal and attempt to conceal records, documents, and</u> digital data on two laptop computers, <u>with the intent to impair the integrity and availability</u> of the records, documents, and digital data contained on the laptop computers <u>for use in an official proceeding</u>, that being (1) a proceeding before a federal Grand Jury in the Northern District of Texas, and (2) a proceeding before a United States Magistrate Judge in the Northern District of Texas specifically related to search warrants issued on March 5, 2012. (Underlined for comparison)

13. The essential elements of 18 U.S.C. § 1512(c)(1) are as follows:

      FIRST:      The defendant concealed a record, document, or other object;

      SECOND:      The defendant did so with the intent to impair the integrity or availability of the record, document, or other object for use in a proceeding before a federal Grand Jury in the Northern District of Texas or before a United States Magistrate Judge in the Northern District of Texas;

      THIRD:      The defendant acted corruptly; and

> FOURTH: The proceeding before the Federal grand jury in the Northern District of Texas or before the United States Magistrate Judge in the Northern District of Texas was an official proceeding.

14.     In Count Two, the term "corruptly" meant "acting with an improper purpose, personally or by influencing another, including making a false or misleading statement, or withholding, concealing, altering, or destroying a document or other information." 18 U.S.C. § 1515(b).

15.     The Indictment unambiguously alleged an act and an accompanying mental state for each count. The essential elements of Counts One and Two contain different scienter requirements and are therefore not multiplicitous.

## RESPONSE TO BROWN'S FIRST POINT

16.     In his first point, Brown contends that the allegations are insufficient because (1) Brown and KM concealed the laptops *within* the scope of the search warrant and the concealment was unsuccessful because the FBI found the laptops, (2) the Indictment does not set out the facts demonstrating the mens rea, (3) the Indictment did not allege a duty that Brown violated, and (4) either the statutory terms are superfluous or the statutes unconstitutionally vague.

17.     An Indictment adequately charges an offense if it "'(1) enumerates each prima facie element of the charged offense, (2) notifies the defendant of the charges filed against him, and (3) provides the defendant with a double jeopardy defense against future prosecutions.'" *United States v. McBirney*, 2006 WL 2432675, at 8 (N.E. Tex. Aug. 21,

2006) (Fitzwater, J.), *Blockburger v. United States*, 284 U.S. 299 (1932). "The test for validity is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *United States v. Gordon* 780 F.2d 1165, 1169 (5th Cir. 1986). "Those minimal constitutional standards therefore do 'not compel a ritual of words.' The validity of an indictment is governed by practical, not technical considerations." *United States v. Ramos*, 537 F.3d 439 (5th Cir.2008) *citing United States v. Crow,* 164 F.3d 229, 235 (5th Cir.1999).

18.     Brown's first two contentions essentially challenge the sufficiency of the government's evidence at trial, not what is required to be alleged in the Indictment.   Since the trial has not occurred, this argument is premature.   Brown fails to appreciate the difference "between a challenge to the sufficiency of the indictment and a challenge to the evidence produced at trial."   *United States v. Bieganowski,* 313 F.3d 264, 286 (5th Cir. 2002), citing *United States v. McGough,* 510 F.2d 598, 603 (5th Cir.1975) (holding that an indictment "need only allege materiality 'in substance,'" and warning against the failure to "draw a clear distinction between an allegation of materiality and proof of materiality."). The Indictment adequately conforms to constitutional standards.

19.     On the merits of his argument, Brown failed to cite any authority in support of his contention that a person cannot conceal an item within the physical area covered by the scope of the search warrant.   In response, the government would first point out that the concealed laptops were the focus of the FBI's search.   The concealed laptops contained key evidence of Brown's and others involvement in criminal conduct.   The concealed

laptops contained extensive evidence of computer intrusion and multiple attempts to gain access to credit card and other personal information in order to gain some leverage against the individuals or to harm the individuals. The concealed laptops have verbatim logs of Brown's involvement and communications with the perpetrators of several computer intrusions, sometimes while the intrusions occurred. The logs revealed communications with the perpetrators of the unauthorized accesses to HBGary, Stratfor, SpecialForces, and Combined Systems. Also the logs revealed communications involving the plans to access without authorization other systems including but not limited to Qorvis and Northup Grumman. The concealed laptops contained logs documenting Brown's attempts to orchestrate attacks on Qorvis and the Government of Bahrain on behalf of individuals known as "Commander X" and "Amber Lyon," and involvement with the defacement of Combined Systems with a person using the name "o." Brown received and reposted data containing website vulnerabilities and solicited individuals with the tools and the skills to exploit those vulnerabilities. The concealed laptops contained key identifiers for some of the participants in the actual and planned attacks. By concealing the laptops, Brown attempted to hinder law enforcement's identification of others and to protect himself from criminal prosecution.

20.    The government would also point out that during chats on ProjectPM IRC, Brown stated that he <u>expected</u> law enforcement to search his apartment, and therefore he had intentionally moved the laptops from his apartment to KM's residence to prevent them from being seized by the FBI pursuant to a search warrant.

**Government's Opposition to Motion to Dismiss - Page 7**

21.     In her factual resume in cause number 3:13-CR-110-BF, KM admitted the following facts:

> ▪Between 6:30 a.m. and 1:55 p.m. on March 6, 2012, KM and Brown believed that it was likely the FBI SAs would return with a Search Warrant for the computers that Brown had not volunteered.
>
> ▪On or about March 6, 2012:
>     a.     KM agreed with Barrett Brown to hide and conceal Brown's two laptops computers from FBI SAs.
>     b.     KM placed two laptops belonging to Barrett Brown in the back of a lower corner cabinet in the kitchen in an attempt conceal and prevent them from being located and seized by the FBI.
>     c.     When the FBI SAs arrived at approximately 1:55 p.m., KM and Brown knew that the FBI SAs had obtained a Search Warrant, cause number 3:12-MJ-110-BH, from a United States Magistrate Judge seeking data storage devices, to include the laptop computers.
>     d.     KM and Brown knew that it was unlawful to have hidden the laptops.  By hiding the laptops, KM acted knowingly and willfully.
>     e.     KM and Brown knew that hiding the laptops would obstruct and impede the agents' search for and attempt to locate the laptops.
>     f.     By hiding the laptops, KM intended to impede, obstruct, or influence the FBI investigation and the Search Warrant issued by the United States Magistrate Judge.

22.     Evidence at trial will show that Brown always intended to conceal his laptops from law enforcement.   One of the two concealed laptops contains an IRC chat between Barrett Brown and an individual known as Topiary.   In that chat, Topiary told Brown that another person "has a meeting with Feds tomorrow morning. I might call his cell just before we take out the main target and lulz at him."   Brown replied, "I know, do so, record it, actually don't, be careful man, do what needs to be done, but stay safe, guess I'll start hiding laptops…"

**Government's Opposition to Motion to Dismiss - Page 8**

23. The government's evidence shows that Brown knew he was going to be raided, and took steps to hide the laptops in anticipation of a search:

   a. On February 2, 2011 Brown had a chat with an individual known as Gabzorr. In that chat Brown stated, "for one thing, I have warrants, and expired ID, I have passport though.  Second thing – I may be raided too, so someone else will have to handle it…"

   b. During an NBC nightly news video dated March 8, 2011, Brown stated, "…This is an act of warfare that we are involved in…  Laws have been broken by us…. Our people break laws… I am going to get prosecuted at some point…."

   c. In January 2012, in a news interview on Russia TV (RT), Brown commented on attacks on the United States Government and other illegal activities, stating he did not care about the "rules of America."

   d. On November 16, 2011, Brown had a skype conversation with an individual known as "thesecondbase", in which Brown stated,  "my mom…Karen Lancaster… has the laptops…two of them…"

24. Evidence at trial will show that on the morning of March 6, 2012, KM and Brown were aware that FBI Special Agents had searched Brown's apartment, and that an agent was posted outside of KM's residence, making it impossible for KM or Brown to hide or conceal the laptops outside of the confines of the residence.  KM and Brown underestimated the thoroughness of the search, and believed that they had sufficiently concealed the laptops in the kitchen cabinet behind some pots and pans.

25. After the FBI Special Agents advised Brown and KM that they had searched Brown's apartment, Brown had the following discussion with others on the IRC:

> [07:39] <&BarrettBrown> yo
> [07:39] <&BarrettBrown> just got raided
> [07:40] <~Morpeth> pm
> [07:40] <+m> oh shit
> [07:43] <&BarrettBrown> long story short, the laptops they thought would be at my place weren't there
> [07:43] <&BarrettBrown> as I wasn't home
> [07:43] <&BarrettBrown> three other agents came to see me at mom's, where I stayed last night
> [07:43] <&BarrettBrown> this morning at 6:30
> [07:43] <+m> did they had a warrant?
> [07:44] <%FriedSquid> lowest ebb
> [07:44] <&BarrettBrown> for my apartment, yep
> [07:44] <&BarrettBrown> not for my mom's husband's house
> [07:44] <&BarrettBrown> put a call in to my lawyer
> [07:45] <+m> BarrettBrown: you didnt let them in did you?
> [07:45] <&BarrettBrown> my mom did, there was nothing to see
> [07:45] <&BarrettBrown> it's her house
> [07:46] <%FriedSquid> did she say 'there's nothing to see here'
> [07:46] <&BarrettBrown> then she gave them coffee and shit while I came down stairs
> [07:46] <%FriedSquid> move along
> [07:46] <&BarrettBrown> more like she chatted with them like she does with everyone
> [07:46] <%FriedSquid> civilised, your mothersounds ace
> [07:47] <&BarrettBrown> so they talked to me for a minute, their purpose being to see if I'd be willing to give them any other laptops
> [07:47] <&BarrettBrown> not sure if they knew that the apartment raid will have produced nothing more than an old IMac in my closet
> [07:49] <&BarrettBrown> also, lead agent who left his card was named [RS]

26. And in a private chat with an individual known as Morpeth, Brown stated the following:

> [07:41] <BarrettBrown> FBI came to my apartment this morning, busted up the door, but I wasn't there and neither were any of the laptops

**Government's Opposition to Motion to Dismiss - Page 10**

      [07:41] <BarrettBrown> my laptop is with me
      [07:41] <BarrettBrown> others are hidden
      [07:41] <BarrettBrown> so they got nothing
      [07:42] <BarrettBrown> three others came to my mom's house
      [07:42] <BarrettBrown> knew where I was
      [07:42] <BarrettBrown> one of them is [RS]
      [07:42] <BarrettBrown> supervisory special agent, CYBER DIVISION
      [07:43] <Morpeth> sigh
      [07:43] <Morpeth> so you didn't talk to them
      [07:43] <BarrettBrown> not really

27.    To conceal is not defined by statute.  A standard definition of conceal is "to hide; withdraw or remove from observation; cover or keep from sight." http://dictionary.reference.com/browse/conceal.  Because Brown's and KM's concealment was not successful does not undermine the fact that Brown and KM committed the criminal act of concealing the laptops with the intent specified in each count.  The scope of the search warrant has no bearing on where the item was concealed.  A defendant can conceal evidence without a search warrant even existing.

28.    In his third contention, Brown complained that the Indictment did not allege a "duty" and cited *United States v. McRae*, 702 F.3d 806 (5th Cir. 2012).  Neither statute requires a violation of a known duty.  Section 1519 requires the defendant to act knowingly.  Section 1512 requires the defendant to act corruptly.  Each statute also requires that the conduct be done with an obstructive intent.  The Indictment properly alleges the mens rea.  No violation of a known duty was required to be alleged in the Indictment.  Also Brown's reliance on *McRae* is misplaced because that opinion does not suggest that section 1519 requires a violation of a known duty.

29.     Brown confuses knowingly and corruptly with willfully.  Willfulness is the mens rea standard that in certain situations requires proof of a violation of a known duty. *United States v. Miller*, 588 F.3d 897, 907 (5th Cir. 2009).

30.     Also, Brown contends on page 7 of his motion that Brown and KM "behaved exactly as they were supposed to" and did not "fabricate facts in an effort to prevent the administration of justice."   The government disagrees with these statements.   Brown and KM showed a complete lack of respect for the justice system by their efforts to conceal the laptops and to obstruct the execution of a Search Warrant.   Both Brown and KM lied to law enforcement when asked about the existence of the laptops.

31.     In his fourth contention, Brown attacked the constitutionality of the statutes and claimed that the Indictment rendered other terms superfluous.   Brown does not cite any authority in support of his contentions.   Brown attempts to conflate the charges in Counts One and Two (18 U.S.C. §§1519 and 1512) with an uncharged statute, 18 U.S.C. §1503. Brown was <u>not</u> charged with a violation of 18 U.S.C. §1503, so the definition of "endeavor" is irrelevant.   The charges brought against Brown in Counts 1 and 2 properly and adequately track the statutory language of 18 U.S.C. §§ 1519 and 1512(c)(1).   *McRae*, which is cited as support in Brown's motion, held that section 1519 was <u>not</u> unconstitutionally vague.   *McRae*, 702 F.3d at 836-837.   Likewise, the Court in *United States v. Singleton*, 2006 WL 1984467 *6 (July 14, 2006) opined that 18 U.S.C. § 1512(c)(2) provided a defendant "adequate warning" of the charges, and was not unconstitutionally vague.

**Government's Opposition to Motion to Dismiss - Page 12**

## RESPONSE TO BROWN'S SECOND POINT

32. The second point raised in Brown's Motion to Dismiss contends that the absence of a "corrupt" mens rea in 18 U.S.C. §1519 (Count One) causes the statute to be unconstitutionally vague and overbroad. As mentioned above, *McRae* held that section 1519 was not unconstitutionally vague. *McRae*, 702 F.3d at 836-837. *McRae* held that section 1519 "requires some form of obstructive intent" as can be seen from the statutory language "with the intent to impede, obstruct, or influence the investigation or proper administration of any matter." *McRae*, 702 F.3d at 834.

33. Brown's arguments on pages 9 and 10 of his motion are more applicable to Brown's defense at trial, that being, whether Brown's concealment of the laptops was appropriate or an innocent act. Thus, these arguments go to the proof at trial, not the sufficiency of the allegations in the Indictment.

## RESPONSE TO BROWN'S THIRD POINT

34. In the third point raised in Brown's Motion to Dismiss, he contends that the facts are inappropriate to support a charge of 18 U.S.C. § 1512(c)(2). Brown contends that because he was *not* tampering with a witness in a white collar fraud investigation, this statute is inapplicable. Although this specific argument was not raised in *United States v. Simpson*, 741 F.3d 539, 552 (5th Cir. 2014), the Fifth Circuit affirmed Simpson's conviction for a violation of 18 U.S.C. § 1512(c)(2), for Simpson personally deleting data on some hard drives that he "voluntarily" turned over to the FBI. Simpson, like Brown, was an individual who obstructed a grand jury investigation.

35. "The objective of a court called upon to interpret a statute is to ascertain congressional intent and give effect to legislative will. The clearest indication of congressional intent is the words of the statute itself. When the language of a statute is unambiguous we must follow its plain meaning." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir.1998) (internal citations and quotation marks omitted). "'The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole.' " *United States v. Guidry*, 456 F.3d 493, 502 (5th Cir.2006) (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997)).

36. The plain wording of 18 U.S.C. §1512(c)(2) does not limit the criminal conduct only to white-collar fraudsters or defendants directing other defendants to destroy data. Section 1512(c)(2) clearly makes it a felony for a person to "*corruptly* conceal . . . a record, document, or other object, or attempt . . . to do so, with the intent to impair the object's integrity or availability for use in an *official proceeding*." (Emphasis added). Replete throughout section 1512 is the effect of the obstructive conduct on an "official proceeding." An "official proceeding" is defined in 18 U.S.C. § 1515(a)(1)(A) as "a proceeding before a judge or court of the United States, a United States magistrate judge, a bankruptcy judge, a judge of the United States Tax Court, a special trial judge of the Tax Court, a judge of the United States Court of Federal Claims, or a Federal grand jury." Brown's concealment of the laptops affected not only a proceeding before a United States Magistrate Judge relating to the Search Warrant, but also to the Federal grand jury

**Government's Opposition to Motion to Dismiss - Page 14**

investigating Brown. On its face, the facts concerning Brown's conduct fit squarely within the language of the statute.

37. Additionally, the definition of corruptly is defined as "acting with an improper purpose, *personally* or by influencing another, including making a false or misleading statement, or withholding, concealing, altering, or destroying a document or other information."18 U.S.C. § 1515(b). "Corruptly" does not limit the chargeable conduct to tampering with a witness. Corruptly includes the actor's own obstructive behavior.

## RESPONSE TO BROWN'S FOURTH POINT

38. In the fourth point raised in Brown's Motion to Dismiss, Brown contends that Counts One and Two of the indictment are multiplicitous. Brown's ad hominem remarks are inappropriate and unhelpful to his argument. The Indictment is concise and properly drafted.

39. Pursuant to *U.S v. Stevens*, 771 F.Supp.2d 556, 562-563, (D.Maryland March 23, 2011), an indictment containing separate allegations pursuant to 18 U.S.C. § 1512 and § 1519 are not multiplicitous.[2] 18 U.S.C. § 1512 requires proof of an essential factual element that 18 U.S.C. § 1519 does not, specifically proof of a pending or foreseeable "official proceeding." Section 1519 simply requires proof that the concealment occurred "with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or

---

2 See *United States v. Galvan*, 949 F.2d 777, 780 (5th Cir. 1991) (allowing prosecution of defendant under both 1512 and 1513, without discussing double jeopardy); *United States v. Maggitt*, 784 F.2d 590, 599 (5th Cir. 1986) (holding that witness tampering and retaliation charges under 1512 and 1513 are not multiplicitous, given that each is proscribed by a separate statutory provision and the facts necessary to one are not necessary to the other).

Government's Opposition to Motion to Dismiss - Page 15

any case filed under title 11, or in relation to or contemplation of any such matter or case ..." 18 U.S.C. § 1519 (emphasis added). Section 1519 does not require a showing that the concealment was done "with the intent to impair an object's integrity or availability for use in an official proceeding." 18 U.S.C. § 1512(c)(1).

40. Additionally, 18 U.S.C. § 1519 has a different jurisdictional element than § 1512. Section 1519 requires an allegation and proof that the matter obstructed was "within the jurisdiction of any department or agency of the United States." *United States v. McRae*, 702 F.3d 806, 835 (5th Cir. 2012). Section 1512(c)(1) requires an allegation and proof that the obstruction was related to an "official proceeding" as defined in 18 U.S.C. § 1515(a)(1)(A).

CONCLUSION

42. Counts 1 and 2 of the indictment are neither multiplicitous, nor unconstitutionally infirm. Each statute charged requires a different scienter and has different elements. The charges in Counts 1 and 2 are therefore not multiplicitous. A Federal grand jury found sufficient probable cause to charge Brown with those counts, and both counts sufficiently describe the elements of the statute charged. Accordingly, Brown's Motion to Dismiss should denied.

Respectfully submitted,

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

*S/ Candina S. Heath*
CANDINA S. HEATH
Assistant United States Attorney
State of Texas Bar No. 09347450
1100 Commerce Street, 3rd Floor
Dallas, Texas 75242
Tel: 214.659.8600 Fax: 214.767.2846
candina.heath@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2014, I electronically filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing (ECF) system of the court. The ECF system sent a "Notice of Electronic Filing" to Brown's attorneys of record Ahmed Ghappour, Charles Swift, and Marlo Cadeddu, who consented in writing to accept this Notice as service of this document by electronic means.

*S/ Candina S. Heath*
CANDINA S. HEATH
Assistant United States Attorney